FILED
SUPERIOR COURT
OF GUAM

2014 MAR 28 PM 6: 40

SUPERIOR COURT OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )
) CASE NO. CF0694-12
)
v. )
) **DECISION AND ORDER
ON MOTION TO DISMISS AND
MOTION TO SUPPRESS**
)
KYLE YURKO, )
)
Defendant. )
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on January 29, 2014 on Defendant's Motion to Dismiss and Motion to Suppress. Assistant Attorney General James Collins represented the People of Guam. Defendant Kyle Yurko was represented by Attorney Peter C. Perez. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On December 19, 2012, an indictment was filed with this Court against Defendant Yurko. He stands accused of 1) Possession with Intent to Distribute a Schedule II Controlled Substance (As a First Degree Felony); 2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); 3) Reckless Driving (As a Petty Misdemeanor); and 4) Possession of a Schedule I Controlled Substance (As a Violation). *See* Indictment.

On December 6, 2013, Defendant filed his motion entitled "Motion to Dismiss and/or Suppress." He presents the following arguments in favor of dismissal of the indictment: 1) there is insufficient evidence to support the charges in the indictment; 2) there was a failure to instruct on the definition of "ice;" and 3) failure to produce discovery warrants dismissal. In addition, Defendant moves for suppression of evidence obtained from the Defendant and his vehicle as well as statements made to police.

On January 3, 2014 the Government filed its Opposition. The Government's argument against dismissal is that sufficient facts were presented to the Grand Jury to meet the burden at this stage of the proceedings and that dismissal of the indictment is unwarranted. As to suppression of evidence, the Government argues that the issue presents questions of fact that would require an evidentiary hearing. For the reasons set forth below, the Court shall deny Defendant's Motion to Dismiss the Indictment and shall refrain from issuing a ruling on Defendant's Motion to Suppress pending an evidentiary hearing.

## DISCUSSION

This Court begins by noting that because it is a drastic step, dismissing an indictment is a disfavored remedy. U.S. v. Rogers, 751 F.2d 1074, 1076 (9th Cir. 1985)(citing United States v. Blue, 384 U.S. 251 (1966). Section 50.42 of Title 8 of the Guam Code provides,

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 G.C.A. § 50.42 (2005). The Guam Supreme Court, has stated that "a grand jury serves a gatekeeping function by considering the sufficiency of the evidence to support an indictment." Guam v. San Nicolas, 2013 Guam 21 ¶ 11 (citing 8 G.C.A. § 50.54). Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 G.C.A. § 50.54 (2005). The Guam Supreme Court has made clear that "reasonable cause" equates to probable cause. See San Nicolas, 2013 Guam 21 ¶ 12 n.5.

### I. Sufficiency of Evidence

It is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See People of Territory of Guam v. Quidachay, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While Quidachay clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was

presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence of was presented. *Id.*

As to the drug charges in the indictment, Defendant asserts that "[n]o evidence was presented to the grand jury establishing that the defendant had possessed any illegal substance." This is simply incorrect. The record shows that the grand jury was presented with Defendant's statements that the substance found in the vehicle was his and was "ice." Additionally, field tests, which this Court understands to be a preliminary test for suspected illegal drugs, indicated that the substance tested positive for amphetamines.

Defendant also claims a lack of evidence as to the reckless driving charge. However, the record indicates that evidence was presented which showed he was stopped by police after travelling at a high rate of speed and executing an unsafe lane change. Whether this evidence will support a conviction based on proof beyond a reasonable doubt remains to be seen. However, the proof required at the indictment stage is probable cause, and the Court finds probable cause exists as to this charge. The Court sees no reason the indictment should be dismissed under this argument presented by Defendant.

## II. Failure to Instruct Grand Jury.

Defendant next argues that the Government failed to define "ice." He argues that under federal law, "ice" is defined as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." (Motion at 8, citing United States Sentencing Guidelines, section 2D1.1, Note C, Drug Quantity Table (2009-2010)). He argues that failure to make this instruction to the grand jury is improper and thus dismissal of the indictment was warranted.

The Court notes that Defendant is charged not with possession of ice, but with possession with intent of a Schedule II Controlled Substance, an amphetamine based substance. *See* Indictment. The record shows the panel was instructed on amphetamines and its status as a Schedule II controlled substance. Defendant cites to no statute or precedent that the federal requirement for the 80% purity

instruction has a corresponding requirement under Guam law. Thus, there is no need to dismiss the indictment under this argument.

### III.   Discovery Violation Argument.

Defendant seeks dismissal of the indictment because no additional discovery has been presented to him. The Court does not agree that dismissal on this argument is warranted. Instead, the Court shall remind the Government that it has the continuing obligation to disclose and make available for independent analysis the evidence to be used against Defendant.

### IV.   Motion to Suppress Evidence.

Defendant has moved to suppress the evidence obtained by police as well as statements made to police subsequent to the stop of the vehicle. The circumstances surrounding this requires a fact-specific analysis. The Court shall refrain from ruling on this issue until an evidentiary hearing is conducted on this matter.

### CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss the indictment is hereby **DENIED**. The Court shall refrain from issuing a ruling as to the suppression of evidence pending an evidentiary hearing. Additionally, the Court reminds the Government of its discovery obligations. A Criminal Trial Setting is set for April 29, 2014 at 2:00 p.m.

It is **SO ORDERED** this 28th day of March, 2014.

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**ORIGINAL**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of: 6G

A6 ; Peter C. Perez

D:O: pmr

Date: 3/31/14 Time: 8:10A

(Signature) Clerk of the Superior Court of Guam

ORIGINAL